UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:14-CR-00104-3-JRG-CLC |
| | ) | |
| MORRIS ANTHONEY PHILLIPS | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Morris Anthoney Phillips' Motion for Discovery [Doc. 391]. For the reasons herein, the Court will deny the motion.

### I. BACKGROUND

On March 23, 2015, Mr. Phillips pleaded guilty to three counts of a thirteen-count indictment: (1) a conspiracy to distribute and to possess with the intent to distribute a hundred kilograms or more of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846; (2) a conspiracy to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; and (3) a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [Plea Agreement, Doc. 170, at 1–2; Minute Entry, Doc. 194]. At his plea hearing, he stated—under oath—that he had read his plea agreement, that his attorney had explained its terms and conditions to him, that he fully understood those terms and conditions, that the stipulation of facts contained no errors and was true in every respect, and that he had not only signed his plea agreement but also initialed all of its pages to indicate that he had reviewed each of them. [Plea Hr'g Tr., Doc. 378, at 10:18–19, 20–25; 11:1–12; 14:20–25; 15:1–20].

Despite making these sworn statements to the Court, Mr. Phillips later, at his sentencing hearing, told the Court that he had not read his plea agreement, prompting the Court to continue

his sentencing hearing. [First Sentencing Hr'g Tr., Doc. 330, at 7:15–24; 19:1–12]. Before his newly scheduled hearing, he filed a declaration with the Court and swore under penalty of perjury that he had neither seen nor read his plea agreement and that "many of the factual assertions in the Plea Agreement about my alleged involvement are untrue." [Phillips' Decl., Doc. 334-1, at 1–3].

At Mr. Phillips' sentencing hearing, the Court determined he had perjured himself by recanting the sworn statements that he made while under oath during his plea hearing, or at a minimum, had provided materially false information to the Court. [Second Sentencing Hr'g Tr., Doc. 370, at 43:10–25; 44:1–25; 45:1–25; 46:1–25; 47:1–21]. The Court therefore applied a two-level enhancement for obstruction of justice to his base offense level, and it determined that his total offense level was 34 and his criminal history category was I, which resulted in a guideline range of 151 months to 188 months. [*Id.* at 47:16–21; 49:20–24; 51:8–15; Statement of Reasons, Doc. 357, at 1]. The Court, however, elected to vary Mr. Phillips' sentence downward by seven months, arriving at a net sentence of 144 months' imprisonment. [Second Sentencing Hr'g Tr. at 83:15–23; 84:15–25; J., Doc. 356, at 3].

Mr. Phillips appealed his sentence. The Sixth Circuit rejected his appeal, concluding that his guilty plea was "knowing and voluntary" and that he had bargained away the right to contest his sentence because he consented to an appellate-waiver provision in his plea agreement, which is "valid and enforceable." [Sixth Circuit Order, Doc. 383, at 1, 2]. The Sixth Circuit also stated that this Court "fully complied with Rule 11" when it received Mr. Phillips' guilty plea. [*Id.* at 2].

Now Mr. Phillips, intent on pursuing post-conviction relief, returns to this Court with a motion for discovery in hand. He renews his attacks on his plea agreement, insisting among other things that "the waiver is not enforceable," that "information in the plea agreement . . . [is] material[ly] false," that his counsel was ineffective because he failed to investigate whether the

information in the plea agreement was false, and that his counsel's ineffectiveness resulted in the imposition of a sentence "based on inaccurate information." [Pet'r's Mot. at 4–6]. In an effort to bring vitality to these assertions, he requests discovery—specifically, the right to access one of his co-defendant's statements, the right to inspect evidence relating to a confidential informant's role in arranging a controlled purchase of marijuana, and the right to review transcripts of a call made to a motel. [*Id.* at 6–7]. With this evidence, "he plans to demonstrate with specifics that the information [in the plea agreement] was material [sic] false." [*Id.* at 7].

## II. ANALYSIS

"The standard that governs the grant or denial of discovery in a habeas corpus action is contained in Rule 6 of the Rules Governing § 2254 Cases," *Simmons v. Simpson*, 3:07-CV-313-S, 2009 WL 4927679, at *3 (W.D. Ky. Feb. 12, 2009), which requires a petitioner to show "good cause" before he can be entitled to conduct discovery, Habeas R. 6(a); *see Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). Good cause exists "only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Bracy*, 520 U.S. at 908–09).

Mr. Phillips, in maintaining that his counsel's performance was "below the standard of effectiveness, as required by the Sixth Amendment" of the United States Constitution, is requesting discovery to buttress a claim of ineffective assistance counsel. [Pet'r's Mot. at 5].[1] The Court will therefore examine his motion under Habeas Rule 6(a)'s standard that governs a petitioner's right

---

[1] Mr. Phillips, however, has yet to file a motion for relief under 18 U.S.C. § 2255. In his motion for discovery, he refers to "his upcoming motion pursuant to § 2255," [Pet'r's Mot. at 6], but he appears to be withholding this motion because he is concerned that, without first conducting discovery, he will not be able to buttress it with more than "conclusory allegations," [*id.*].

3

to discovery. That is, the Court will review his motion for allegations illustrating that he "may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief" for a claim of ineffective assistance of counsel under the Sixth Amendment. *Bagley*, 380 F.3d at 974) (quoting *Bracy*, 520 U.S. at 908–09).

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This right is the right not merely to representation but to *effective* representation. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). When a petitioner contests his sentence by raising the specter of ineffective assistance of counsel, he can succeed only by satisfying the familiar *Strickland* test, a two-pronged test that requires a showing of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). To establish deficient performance, a petitioner must show that his counsel, through the prism of an objective standard of reasonableness, "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Id.* at 687. And to establish prejudice, a petitioner must show that his counsel's deficient performance was so serious that it deprived him of his fundamental right to due process. *Id.*

*Strickland*'s two-pronged test applies to challenges of guilty pleas based on a claim of ineffective assistance of counsel, *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), though to establish the second prong of prejudice in the context of a guilty plea, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *id.* at 59 (footnote omitted). A court has license to address the two prongs of the bipartite test in any order, and if a petitioner fails to establish either of the prongs of this test, his claim of ineffective assistance of counsel fails. *Strickland*, 466 U.S. at 697. In other words, even if a particular aspect of his counsel's performance proves to be deficient, that

4

deficiency "does not warrant setting aside the judgment of a criminal proceeding" unless it has a prejudicial effect on the judgment. *Id.* at 691 (citation omitted). In short, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010) (citations omitted); *see Strickland*, 466 U.S. at 689 (stating that because of the "distorting effects of hindsight," the challenges in reconstructing events, and the difficulty in trying to evaluate conduct from counsel's perspective at the time, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Under the first prong, a defense attorney's failure to investigate a plea agreement's factual basis is conduct that can fall outside of the objective standard of reasonableness. The American Bar Association's standards for criminal justice state that a defense attorney has a responsibility to investigate all cases and ascertain whether a sufficient factual basis exists for criminal charges, regardless of whether a defendant voices a desire to plead guilty or makes statements supporting his guilt. *ABA Standards for Criminal Justice: Prosecution and Defense Function* 4-4.1(a)–(b) (4th ed. 2015); *see Strickland*, 466 U.S. at 688 (stating that "[p]revailing norms of practice as reflected in American Bar Association standards and the like are guides to determining what is reasonable" in an analysis under *Strickland* (internal citation omitted)).

Although a defendant's recognition of his guilt to *counsel* does not relieve counsel of the responsibility to investigate a factual basis, a defendant's recognition of his guilt while under oath before a federal district court is an entirely different matter. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (stating that a defendant who attests in open court that his plea is voluntary typically cannot later repudiate it). In this case, Mr. Phillips avowed to *the Court* that the plea agreement's factual basis was true, error-free, and adequate in every

5

respect for his guilty plea, and in fact, he even expressed his satisfaction with the knowledge that his attorney had cultivated about the factual basis:

> Q: Have you told your lawyer everything you know about this case?
>
> A: Yes, sir.
>
> Q: Do you believe that your lawyer is *fully aware of all the facts* upon which this charge, or these charges are based?
>
> A: Yes, sir.
>
> . . . .
>
> Q: Are you satisfied with your lawyer's representation of you in this case?
>
> A: Yes, sir.
>
> . . . .
>
> Q: And did you review the stipulation of facts contained in paragraph 4 of this plea agreement carefully with your attorney?
>
> A: Yes, sir.
>
> Q: Do you agree with the summary of what you did in this case that's set out in paragraph four of this plea agreement?
>
> A: Yes, sir.
>
> Q: Are all of the acts contained in paragraph 4 of this plea agreement true?
>
> A: Yes, sir.
>
> Q: And do you stipulate here this afternoon under oath that the facts contained in paragraph 4 of your plea agreement are true and correct?
>
> A: Yes, sir.
>
> . . . .
>
> Q: All right, Mr. Phillips, how do you plead then . . . do you plead guilty or not guilty?

     A: Guilty, sir.

[Plea Hr'g Tr. at 4:21–25; 5:1–2; 11:13–15; 15:6–20; 16:2, 6–7, 8, 13, 18 (emphasis added)].

Under these circumstances—when a defendant reverses course by denying facts to which he once agreed under oath—he cannot succeed, even with an opportunity to develop the record more fully, on a claim of ineffective assistance of counsel. *See Villa-Rodriguez v. United States*, No. 2:15-cv-02690, 2016 WL 6277861, at *4, 6 (S.D. Ohio Oct. 27, 2016) ("Petitioner asserts that his trial attorney performed in a constitutionally ineffective manner because he failed to advise him that the government lacked a factual basis for his guilty plea . . . . The record belies this assertion. . . . Based on this record, Petitioner will not now be heard to deny the facts to which he once agreed under oath."); *Dallas v. United States*, Civ. No. 12-15495, Crim. No. 10-20488, 2013 WL 3448249, at *4 (E.D. Mich. July 9, 2013) ("Petitioner's ineffective assistance claim must fail because his attorney's assistance regarding his plea . . . is not objectively unreasonable given the evidentiary basis for his guilty plea."). Simply, when a court has "scrupulously followed the required procedure" in Federal Rule of Criminal Procedure 11, "the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quotation omitted). The Sixth Circuit has already held that this Court "fully complied with Rule 11," [Sixth Circuit Order at 2], and Mr. Phillips is therefore bound by his sworn statements that his plea agreement's factual basis was true and that he was satisfied with his attorney's investigation of that factual basis. *Baker*, 781 F.2d at 90.

Along these same lines, "[a] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Vargas-Gutierrez*, 464 F. App'x 492, 496 (6th Cir. 2012) (quoting *United States v. Shah*, 453 F.3d 520, 523 (D.C. Cir. 2006)). Mr. Phillips

7

provides the Court with no explanation, let alone a compelling one, for disowning his sworn testimony from his plea hearing. Instead, he offers the Court conclusory assertions to accompany his claim for ineffective assistance of counsel, like his attorney "fail[ed] to investigate key information" and to "mak[e] sure the findings of his investigation is [sic] accurately represented in the plea agreement," without additional elaboration. [Pet'r's Mot. at 6].[2]

These conclusory assertions do not entitle him to discovery. *See Williams*, 380 F.3d at 974 ("Conclusory allegations are not enough to warrant discovery under [Habeas Rule 6]; the petitioner must set forth specific allegations of fact." (quotation omitted)); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) ("[N]o hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record . . . or [are] conclusions rather than statements of fact." (quotation omitted)). In short, Mr. Phillips' motion is nothing more than an iteration of a perjured tale, for which the Court has enhanced his sentence, and it therefore must reject his motion "out of hand." *Vargas-Gutierrez*, 464 F. App'x at 496 (quotation omitted).[3]

### III. CONCLUSION

In moving for discovery under Habeas Rule 6(a), Mr. Phillips fails to meet his burden of establishing that, with the benefit of a fully developed record, he may succeed on his claim. His motion for discovery [Doc. 391] is therefore **DENIED**.

So ordered.

---

[2] Mr. Phillips all but concedes that he relies on mere conclusory allegations, pledging that, through discovery, he intends to ferret out "specifics" that will support "meaningful argument." [*Id.* at 6, 7].

[3] Although the Court's consideration of Mr. Phillips' likelihood of success as to *Strickland*'s second prong is unnecessary, *Strickland*, 466 U.S. at 697, it notes, again, that this prong requires Mr. Phillips to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *Hill*, 474 U.S. at 58 (footnote omitted). Mr. Phillips, however, does not even make this assertion. Instead, he claims that his attorney's errors "have resulted to [him] being punished for a more severe sentence than it would have been without the error." [Pet'r's Mot. at 7].

8

ENTER:

                               s/J. RONNIE GREER
                          UNITED STATES DISTRICT JUDGE