UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:14-CR-00104-3-JRG |
| | ) | |
| MORRIS ANTHONEY PHILLIPS | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Morris Anthoney Phillips' Emergency Motion for Reconsideration [Doc. 440], the United States' First Response [Doc. 442], Mr. Phillips' Second Supplemental Motion [Doc. 455], the United States' Second Response [Doc. 457], and Mr. Phillips' Reply [Doc. 463]. For the reasons herein, the Court will deny Mr. Phillips' motion.

### I. BACKGROUND

In 2015, Mr. Phillips pleaded guilty to a conspiracy to distribute and to possess with the intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846; a conspiracy to distribute a quantity of oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846; and a conspiracy to commit money laundering, in violation of 18 U.S.C. 1956(h). [Plea Agreement, Doc. 170, at 1–2; Minute Entry, Doc. 194]. At sentencing, his total offense level was 34 and his criminal history category was I. [Statement of Reasons, Doc. 357, at 1]. His advisory guidelines range was 151 months to 188 months. [*Id.*]. The Court sentenced him to a below-guidelines sentence of 144 months' imprisonment. [J., Doc. 356, at 3].

Earlier this year, he moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic, claiming "he has bullet fragments in his chest and lungs

which makes [sic] his lungs vulnerable of catastrophic failure should he contract the covid-19 virus." [Def.'s First Mot., Doc. 409, at 2]. The Court appointed counsel to him, and the Federal Defender Services of Eastern Tennessee ("FDS") filed a supplement on his behalf. In the supplement, FDS stated that Mr. Phillips also suffers from "chronic hepatitis B, hypocellularity, [and] hematuria," all of which, FDS argued, "place him at higher risk of severe illness from COVID-19." [Def.'s Suppl., Doc. 425, at 2]. The Court denied Mr. Phillips' motion after determining that he had failed to identify an extraordinary and compelling reason for his release under § 3582(c)(1)(A) and that, even if he had, he was still not entitled to release because the factors under 18 U.S.C. § 3553(a) militated against it. [Mem. Op. & Order, Doc. 433, at 1–13]. Acting pro se, he then filed a renewed motion for compassionate release [Doc. 438], in which he stated that he now suffers from kidney disease and contended that it is an extraordinary and compelling reason for compassionate release. The Court denied his renewed motion, citing its original analysis of § 3553(a)'s factors. Mr. Phillips moves for reconsideration of the Court's denial of his renewed motion.

## II. LEGAL STANDARD

Although no specific rule allows for motions for reconsideration in criminal cases, courts ordinarily review these motions "under the same standards that govern a civil motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e)." *United States v. Reynolds*, No. 3:08-cr-143, 2018 WL 1950433, at *1 (E.D. Tenn. Apr. 24, 2018) (citation omitted). Rule 59(e) states that a party may file a motion to alter or amend judgment within twenty-eight days from the entry of judgment, and it permits a court to alter judgment based on "(1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir.

2

2010) (quotation omitted). A district court has "considerable discretion" in deciding whether to grant a motion under Rule 59(e). *Id.* (citation omitted). A motion under Rule 59(e), however, "run[s] contrary" to notions of "finality and repose" and is therefore "generally discouraged" and "afford[s] relief only under extraordinary circumstances." *Polzin v. Barna & Co.*, No. 3:07-cv-127, 2007 WL 4365760, at *3 (E.D. Tenn. Dec. 11, 2007).

### III. ANALYSIS

Again, the Court denied Mr. Phillips' original motion based partly on an analysis of § 3553(a)'s factors, which it weighed and addressed in detail. [Mem. Op. & Order at 10–13]. In his renewed motion, Mr. Phillips did not attempt to balance any of § 3553(a)'s factors. Instead, he cited only one factor, § 3553(a)(2)(D),[1] and he argued that it entitled him to compassionate release because he was not receiving "adequate medical care in the most effective manner." [Def.'s Renewed Motion, Doc. 438, at 9]. But in ruling on Mr. Phillips' original motion, the Court already rejected this same argument, [Mem. Op. & Order at 13]—which, in Mr. Phillips' words, implicated the "Eighth Amendment's prohibition on cruel and unusual punishment," [Def.'s First. Suppl., Doc. 425, at 19]; *see Hinneburg v. Miron*, 676 F. App'x 483, 486 (6th Cir. 2017) (stating that "'deliberate indifference to serious medical needs of prisoners' constitutes an Eighth Amendment violation, actionable under 42 U.S.C. § 1983" (quotation omitted)); *see also United States v. Carr*, No. 20-5784, at 3 (6th Cir. Oct. 26, 2020) (PACER) ("The district court also did not err by determining that [the defendant's] Eighth Amendment claim was not an extraordinary and compelling reason to grant compassionate release. As noted by the district court, a compassionate

---

[1] Section 3553(a)(2)(D) states that "[t]he court, in determining the particular sentence to be imposed, shall consider" the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

3

release proceeding is not the proper vehicle to seek relief for a claimed constitutional violation." (citation omitted)).

Rule 59(e) is not an apparatus that allows Mr. Phillips to exhume this failed argument. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (stating that Rule 59(e) does not provide parties with "an opportunity to re-argue a case" (citation omitted)). But in any case, in focusing exclusively on § 3553(a)(2)(D), *see* [Def.'s Mot. Recons. at 3 (requesting reconsideration "based on the Court's failure (albeit inadvertently) to consider the facts of his case, and how those facts interplay with the Court's consideration of Section 3553(a)(2)(D)")], Mr. Phillips ignores the nature and circumstances of his offenses; his history and characteristics; the seriousness of his offenses; and the need for the sentence to promote respect for the law, provides just punishment, afford adequate deterrence, and protect the public—all of which the Court addressed in detail at his sentencing hearing and revisited in rejecting his requests for compassionate release.

Now, however, Mr. Phillips, with his counsel's help, has filed a supplement in which he does attempt to argue that § 3553(a)'s factors favor his release, despite having not addressed them in his renewed motion. [Def.'s Second Suppl., Doc. 455, at 23]. In response, the United States asserts that he "has not shown any basis to disturb this Court's earlier assessment of the § 3553(a) factors." [United States' Resp. at 1]. The Court agrees with the United States. "Absent a legitimate excuse, an argument raised for the first time in a motion for reconsideration at the district court generally will be forfeited." *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331–32 (6th Cir. 2009) (citation omitted). Mr. Phillips provides the Court with no legitimate excuse as to why he failed to raise § 3553(a)'s factors in his renewed motion and waited until now, in a motion for reconsideration, to address them. Although his counsel now points out that

4

he was "without the benefit of a counseled brief" when he filed his renewed motion, [Def.'s Reply at 16], the fact that he filed his renewed motion without the aid of counsel is of little consequence because, in the significant majority of cases, a request for compassionate release is "not beyond the capability of an ordinary *pro se* litigant." *United States v. Banner*, No. 2:12-CR-093, 2020 WL 4289597, at *4 (E.D. Tenn. July 27, 2020). This case is no different. Mr. Phillips, in his renewed motion, acknowledged the importance of "the sentencing factors set forth in 18 U.S.C. 3553(a)," yet he largely ignored those factors. [Def.'s Renewed Mot. at 5].

Anyhow, the analysis of the § 3553(a) factors that Mr. Phillips now engages in—a brief, four-sentence analysis with no citations to case law, *see* [Def.'s Second Suppl. at 23]—does not convince the Court that it committed a clear legal error when performing its original analysis of those factors. Also, the Court cannot conclude that Mr. Phillips' rehabilitative efforts, when the Court views them alongside its analysis of § 3553(a)'s factors, warrant further reduction of his already below-guidelines sentence. *See United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (ruling that "the court reasonably concluded that [the defendant's] rehabilitation efforts, when considered alongside the other § 3553(a) factors, did not warrant any greater reduction of his already below-guidelines sentence"); *see generally* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Section 3553(a)'s factors do not, therefore, justify Mr. Phillips' release, and Mr. Phillips provides the Court with no viable legal basis that compels it to reconsider its decision. *See Ruffin*, 978 F.3d at 108 ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." (citations omitted)). Mr. Phillips' emergency motion for reconsideration [Doc. 440] is therefore **DENIED**.

5

So ordered.

ENTER:

                                          s/J. RONNIE GREER
                                 UNITED STATES DISTRICT JUDGE