UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:14-CR-00104-3-JRG |
| | ) |
| MORRIS ANTHONEY PHILLIPS | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Morris Anthoney Phillips' Motion for Relief under 28 U.S.C. § 1651(a) [Doc. 474] and the United States' Response in Opposition to Motion for Writ of *Audita Querela* [Doc. 477]. In 2015, Mr. Phillips pleaded guilty to a conspiracy to distribute and to possess with the intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846; a conspiracy to distribute a quantity of oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846; and a conspiracy to commit money laundering, in violation of 18 U.S.C. 1956(h). [Plea Agreement, Doc. 170, at 1–2; Minute Entry, Doc. 194]. At sentencing, his total offense level was 34 and his criminal history category was I, [Statement of Reasons, Doc. 357, at 1], and his advisory guidelines range was 151 to 188 months' imprisonment, [*id.*]. The Court, however, granted his motion for a downward variance and sentenced him to a below-guidelines sentence of 144 months. [J., Doc. 356, at 3; Statement of Reasons at 3].

Having now completed his custodial sentence, Mr. Phillips seeks "a WRIT of AUDITA QUERELA, as allowed under 28 U.S.C. § 1651(a)." [Def.'s Mot. at 1]. A remedy of English origins, the writ of *audita querela* is a "common law writ . . . brought by a . . . defendant to obtain relief against . . . [a] judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise." *Frost v. Snyder*, 13 F. App'x

243, 245 n.1 (6th Cir. 2001). In short, it is available to some federal convicts who have served their custodial sentence but only "in extraordinary situations requiring relief unavailable under controlling statute." *United States v. Reyes*, No. 1:93-CR-16-01, 2005 WL 8176714, at *1 (W.D. Mich. Mar. 31, 2005); *see United States v. Kimberlin*, 675 F.2d 866, 869 (7th Cir. 1982) ("Our research has failed to discover any criminal case in which this writ has ever been asked for, let alone issued[.]").

In requesting a writ of *audita querela*, Mr. Phillips maintains that his attorney in the underlying criminal proceedings "performed ineffectively when he failed to advise [him] of the immigration consequences of his plea which [he] only just learned about." [Def.'s Mot. at 1];[1] *see* [*id.* at 4 (contending that "a failure to advise a defendant about the deportation consequences of his guilty plea amounts to deficient performance" (citing *Strickland v. Washington*, 466 U.S. 668 (1984)))]. According to Mr. Phillips, he would have "proceeded to trial" if his attorney had informed him of the risk of deportation. [*Id.* at 5]. In response, the United States contends that *audita querela* is unavailable to Mr. Phillips, who had previously filed an unsuccessful motion for post-conviction relief under 28 U.S.C. § 2255, because he "presents a challenge that is cognizable under § 2255." [United States' Resp. at 3].

A party usually cannot file a second or successive § 2255 motion with this Court unless he has petitioned the Sixth Circuit for an order authorizing this Court to consider the motion, 28 U.S.C. §§ 2244(b)(3), 2255(h), and Mr. Phillips cannot sidestep Congress's prohibition against second or successive motions by masking his claim of ineffective assistance of counsel with the moniker of *audita querela*.

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the

---

[1] Mr. Phillips' allegation that he "only just learned about" his possible deportation is disingenuous because the Court at sentencing advised him that he faced possible deportation. [Sent. Hr'g Tr., Doc. 340, at 86:1–15].

> scope of § 2255 ¶ 1 [presently § 2255(a) ], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, ***audita querela***, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (second emphasis added) (citations omitted); *see Pilla v. United States,* 668 F.3d 368, 372 (6th Cir. 2012) ("We agree with the Seventh Circuit's holding in *Melton.* If, in substance, a claim falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner." (quoting *Melton*, 359 F.3d at 857)).

But Mr. Phillips, who has now completed his custodial sentence, is admittedly no longer a prisoner, and he is not currently under the supervision of the United States Probation Office, either. *See* 28 U.S.C. § 2255 ("A prisoner *in custody* . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." (emphasis added)); *United States v. Zack*, No. 98-1526, 1999 WL 96996, at *1 (6th Cir. Feb. 1, 1999) ("A defendant serving a term of supervised release is 'in custody' for the purposes of § 2255." (citations omitted)). He is, instead, in the custody of the Department of Homeland Security, awaiting deportation. [Def.'s Mot. at 5; United States' Resp. at 3]. The Court, therefore, cannot construe his motion as a second or successive motion under § 2255. *See Pilla*, 668 F.3d at 372 (ruling that a petitioner was "no longer in custody" for purposes of § 2255 because immigration authorities had detained her pending her deportation).

Still, even though the Court cannot construe Mr. Phillips' current motion as a second or successive § 2255 motion, the fact remains that the challenge he levies against his conviction is, or at least was, redressable under § 2255, *see id.* ("[The petitioner's] claim in seeking a writ—

3

that [her attorney] provided constitutionally ineffective assistance with respect to her plea—is one that she could have raised in her § 2255 motion."), and his challenge is therefore not redressable through a writ of *audita querela*, *see United States v. Williams*, No. 15-6409, 2016 WL 11826120, at *2 (6th Cir. Aug. 19, 2016) ("Since a § 2255 motion is provides a means for a federal prisoner to challenge his conviction and sentence . . . . an *audit querela* writ is unavailable for [the petitioner], even if he cannot bring another § 2255 motion." (citations omitted)); *Rivera v. United States*, Nos. 3:09mc0672, 3:09mc0139, 2009 WL 2224368, at *1 (M.D. Tenn. July 23, 2009) ("A writ of *audita querela* is not an available remedy where the claims raised are cognizable under § 2255."); *United States v. Kirksey*, No. 00–CR–80654, 2009 WL 1470219, at *1 (E.D. Mich. May 26, 2009) ("[T]he Sixth Circuit and its sister circuits have held that a criminal defendant cannot invoke the writ of *audita querela* or other such common law writs to pursue a claim . . . that would be cognizable in a motion under 28 U.S.C. § 2255[.]" (citing *Halliburton v. United States*, 59 F. App'x 55, 57 (6th Cir. 2003))); *see also Carlisle v. United States*, 517 U.S. 416, 428–29 (1996) ("[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." (quotation omitted)).

Even if Mr. Phillips could lawfully pursue a writ of *audita querela*, he would not be entitled to relief because his claim of ineffective assistance of counsel is without merit. When a party like Mr. Phillips contests his conviction or sentence by raising the specter of ineffective assistance of counsel, he normally can succeed only by satisfying the familiar *Strickland* test, a two-pronged test that requires a showing of deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). To establish prejudice, Mr. Phillips must "show

that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (footnote omitted).

Mr. Phillips alleges that he "would have proceeded to trial" if his attorney had notified him of the risk of deportation, but with this skeletal allegation, he does nothing more than echo the relevant legal standard. [Def.'s Mot. at 5]. His mere recitation of *Strickland*'s standard is not enough to make a viable showing of prejudice. *See Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016) ("In the Sixth Circuit, a petitioner 'cannot make that showing [of prejudice] merely by telling [the court] now that she would have gone to trial then if she had gotten different advice.'" (quotation omitted)); *see also Pilla*, 668 F.3d at 373 ("[The petitioner] cannot make that showing [of prejudice] merely by telling us now that she would have gone to trial then if she had gotten different advice. The test is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010))). Mr. Phillips' claim therefore stalls under the *Strickland* test, and for this reason—and the other reasons that the Court has identified—he is not entitled to a writ of *audita querela*. His Motion for Relief under 28 U.S.C. § 1651(a) [Doc. 474] is **DENIED**.

So ordered.

ENTER:

                                        s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE